```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
_____

ZHEJIANG TOPOINT PHOTOVOLTAIC
 CO., LTD et al.,

          Appellants/Debtors         Civ. Action 15-3584 (RMB)

          v.                         MEMORANDUM ORDER

H2 CONTRACTING, LLC et al.,

          Appellees
_____
```

This matter comes before the Court upon the Appellants-Debtors' Zhejiang Topoint Photovoltaic Co., Ltd., Zhejiang Jiutai New Energy Co., Ltd., Zhejiang Yutai Solar Materials Co., Ltd., and Zhejiang Willsolar Photoelectric Materials Co., Ltd. (collectively the "Debtors") Notice of Appeal of Bankruptcy Court's Opinion and Order Determining Ownership of SPV Panels [Docket No. 1].

This matter involves a dispute between the Debtors and Appellees H2 Contracting LLC and Hessert Construction NJ LLC (collectively "Hessert") regarding the ownership of various solar panels. In her Order, Judge Burns found, after permitting the parties discovery and holding a plenary hearing, that the solar panels were not property of the estate.

In their appeal, the Debtors contend that Judge Burns erred first, because in this Chapter 15 recognition proceeding, the issue of ownership should have been determined by the foreign court presiding over the Debtors in their main proceeding in China. Second, the Debtors contend that Judge Burns erred in her determination that Hessert had standing to dispute title to the solar panels. As the Debtors put it, "[o]nce the Bankruptcy Court erroneously permitted Hessert to bring its third-party challenge, the errors multiplied." Appellant Brief, at 2. [Docket No. 5.]

The Court is troubled by the caustic tone taken by the Debtors. As the Court reads the Agreed Order signed by Judge Burns on August 12, 2014, and reviews the record, it appears the Debtors and Hessert expressly agreed to have Judge Burns resolve the issue of the ownership of the solar panels. <u>See e.g.</u>, Transcript regarding Hearing Held on 08/08/14, at 6:16-7:2 [Bankruptcy Case No. 14-24549-JNP. [Docket No. 84]. (Debtors' attorney: ". . . it will be this Court, not the Chinese Court. . . . Judge, just to be clear, when we've referred to resolution and final adjudication, we are in no way referencing the Chinese proceedings and we in no way believe that the Chinese proceedings will have anything to do with the resolution of this particular dispute.") Inexplicably, the Debtors appear to now seek (1) rescission of

the Agreed Order granting Judge Burns the authority to resolve ownership but (2) validation of the part of the Order limiting Hessert's rights to only the set aside panels.

Accordingly,

IT IS ON THIS **21st** day of **October 2015**, **ORDERED** that the parties shall file supplemental briefs addressing the Agreed Order, specifically, the terms agreed to by the parties.  The parties shall provide this Court with all documents and proceedings prior to the entry of the Order.  See Agreed Order, at 3.  [Docket No. 7-6]. ("The Court has considered and reviewed the pleadings and exhibits submitted by the Debtors in support of the request for recognition and further relief and heard the positions of counsel at the hearings conducted therein.")

1. The Debtors shall file their supplemental briefing (not to exceed ten pages) by November 4, 2015.  Hessert may, if desired, file a responsive brief by November 11, 2015.

2. The Court intends to set this matter down for oral argument at a later date.  The parties should also be prepared to discuss at oral argument the status of settlement negotiations.

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge